# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE S. LOUIE,<br><br>        Plaintiff,<br><br>   v.<br><br><br>FRANK KRUM, d/b/a STATE FARM INSURANCE, et al.,<br><br>        Defendants. | 08-cv-180 AWI-GSA<br><br>**ORDER RESCHEDULING EVIDENTIARY HEARING**<br><br>**ORDER CONTINUING MOTION TO COMPEL AND SETTING NEW DEADLINES** |

On October 3, 2008, a prehearing conference hearing was held. A hearing on Defendants' Motion to Compel, filed on September 10, 2008, was also held.  Plaintiff has asserted a Fifth Amendment privilege in response to Defendants' Request for Production of Documents numbered 17, 18, and 19,  as well as several questions that he was asked at his deposition.

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." Oakes v. Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).  It is well established that the Fifth

1

Amendment privilege is not ordinarily self-executing and must be affirmatively claimed by a person whenever self-incrimination is threatened. United States v. Jenkins, 785 F. 2d 1387, 1393 (9th Cir. 1986) (citing, Minnesota v. Murphy, 465 U.S. 420, 429 (1984)). Blanket invocations are generally impermissible. The privilege must be contained in response to each interrogatory or request for production. Anglada v. Sprague, 822 F. 2d 1035, 1037 (11th Cir. 1987). Thus, the only way that the Fifth Amendment can be asserted as to testimony is on a question-by-question basis. United States v. Bodwell, 66 F. 3d 1000, 1001 (9th Cir. 1995) citing, United States v. Rehndal 746 F. 2d 553, 555 (9th Cir. 1984). However, in the civil context, the invocation of the privilege is limited to those circumstances in which the person invoking the privilege *reasonably believes* that his disclosures could be used in a criminal prosecution, or could lead to other evidence that could be used in that manner. Doe v. Glanzer, 232 F. 3d 1258 (9th Cir. 2000); Hoffman v. United States, 341 U.S. 479, 486-488 (1951) (privilege forbids compelled disclosures which could serve as a "link in a chain" of evidence tending to establish criminal liability in a subsequent state or federal proceeding).

     As such, Plaintiff is ordered to produce a privilege log to the court no later than October 10, 2008, so that the court can make a determination whether the privilege is properly invoked. Plaintiff shall also file a brief in support of his position with regard to the production of document requests, as well as his responses to the deposition questions. The brief shall be filed no later that October 10, 2008. Since blanket assertions are not permitted, Plaintiff shall submit relevant sections of the transcripts of the deposition in support of his position. Any evidence related to the discovery requests in which the privilege is not asserted must be disclosed to Defendants no later than October 10, 2008.

     Defendants shall file opposition, if any, no later than October 15, 2008. The hearing on the Motion to Compel will be continued until October 20, 2008 at 3:00. All parties shall personally appear at this hearing. Plaintiff shall bring the evidence in question to the hearing in the event that the court determines that an in camera review is necessary.

1  The evidentiary hearing scheduled in this case for October, 22, 2008 at 10:00 is
2  VACATED.  The evidentiary hearing is rescheduled for November 18, 2008, at 9:30 am.  All
3  hearings will be held  in Courtroom 10.  Any witnesses who will be appearing at the evidentiary
4  hearing must be disclosed to opposing counsel no later than Wednesday, October 8, 2008.  All
5  discovery related to those witnesses must be completed no later than October 29, 2008.
6  IT IS SO ORDERED.
7  Dated:   **October 6, 2008**                          **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

3